**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ABSOLUTE ARCHITECTURE, P.C., an Illinois corporation, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FLIPSIDE PRODIGY, INC. D/B/A AGENCY ACCESS.COM, a New York corporation, <br><br> Defendant. | Case No. 1:13-cv-7167 <br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Absolute Architecture, P.C., ("Plaintiff") brings this class action Complaint against Defendant Flipside Prodigy, Inc. d/b/a Agency Access.com ("Defendant"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**I.    NATURE OF THE ACTION**

1. Defendant is a corporation that provides promotion and direct marketing services for commercial photographers, illustrators, artist representatives, and stock agencies world-wide. In an effort to market its products and services, Defendant sent unsolicited junk faxes in bulk – "fax blasts" – to unwilling recipients. Fax advertising shifts the cost of the marketing promotion from the marketer – the sender of the fax – to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendant to send them faxes.

3. In order to redress these injuries, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited faxing activities, and an award of statutory damages to the Class members under the TCPA, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States. Further, this Court has diversity jurisdiction under 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a State different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

5. This Court has personal jurisdiction over Defendant under the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward the State of Illinois. Defendant, by sending junk faxes in bulk into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III. PARTIES

*Plaintiff*

7. Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business in Winnetka, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendant*

8. Defendant is a corporation organized in and existing under the laws of the State of New York with its principal place of business in Hauppauge, New York. For purposes of 28 U.S.C. § 1332, Defendant is a citizen of the State of New York.

### IV. FACTUAL BACKGROUND

9. On or about October 5, 2012, Plaintiff received an unsolicited fax advertisement from fax number: (631) 951-9500.

10. Defendant's fax number is: (631) 951-9501.

11. On information and belief, (631) 951-9500 is also Defendant's fax number.

12. On or about April 12, 2013, Plaintiff received another unsolicited fax advertisement attached as Exhibit A. Discovery may reveal the transmission of additional faxes.

13. Defendant sent the faxes and/or is responsible, as a matter of law, for the actions of the individuals who sent the faxes.

14. Defendant's services were advertised in the faxes, and Defendant derived an economic benefit from the transmission of the faxes.

15. Plaintiff had no prior relationship with Defendant and did not consent to the receipt of the above-referenced (or any) fax advertisements from Defendant.

16. On information and belief, the fax attached as Exhibit A and the fax referenced in Paragraph 9 were transmitted as part of mass broadcastings, or "blasts," of faxes.

17. There is no reasonable means by which Plaintiff and class members can avoid receiving unsolicited and unlawful faxes.

## V. CLASS ALLEGATIONS

18. Plaintiff brings this action, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class as defined as:

> All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendant Flipside Prodigy, Inc. d/b/a Agency Access.com (the "Class").

Excluded from the Class are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

19. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

20. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Defendant's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized,

Case: 1:13-cv-07167 Document #: 1 Filed: 10/06/13 Page 5 of 8 PageID #:5

Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

21. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

   b. The manner in which Defendant compiled or obtained its list of fax numbers;

   c. Whether Defendant violated the TCPA;

   d. Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

   e. Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

   f. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

22. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

23. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

-5-

24. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

25. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

26. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27. Defendant and/or its agents used a telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(l)(C).

28. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and the Class.

29. As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Absolute Architecture, P.C., individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Absolute Architecture, P.C. as the representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding actual and statutory damages;

    C.    Enjoining Defendant from sending unsolicited facsimile advertisements;

    D.    Awarding of reasonable attorneys' fees and costs; and

    E.    Awarding such other and further relief that the Court deems reasonable and just.

Dated: October 6, 2013                Respectfully submitted,

                                      ABSOLUTE ARCHITECTURE, P.C., individually and on behalf of all others similarly situated

                                      By:_____
                                          One of the Attorneys for Plaintiff
                                          And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196

4836-6384-4373, v. 1